UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHY J. BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1571 HEA |
| ) | |
| BJC HEALTH SYSTEM, d/b/a ) | |
| BJC HEALTHCARE, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint,[1] [Doc. 23]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied.

### Facts and Background[2]

Plaintiff is a former medical transcriptionist for Missouri Baptist Hospital of Sullivan, a subsidiary of Defendant. Plaintiff claims that she and other similarly

---

[1] Defendant originally filed this Motion seeking dismissal of Counts I and II of the Amended Complaint against Steven Lipstein. Plaintiff has subsequently voluntarily dismissed Lipstein from this action. Accordingly, the Court need only address the Motion as to Counts III and IV.

[2] The factual recitation is taken from the pleadings before the Court and is set forth for the purposes of this motion only. It in no way relieves the parties of necessary proof of any facts in this matter.

situated employees were denied overtime compensation. The Amended Complaint asserts four claims against Defendant: violation of the Fair Labor Standards Act, (FLSA), 29 U.S.C. § 201 *et seq*.; violation of the Missouri Wage and Hour Laws, R.S.Mo § 290.500, *et seq*; *quantum meruit*; and unjust enrichment.

## Discussion

### Rule 12(b)(6) Standard

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient.

*Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949.  The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Defendant moves to dismiss Counts III and IV, the *quantum meruit* and unjust enrichment counts, based on the argument that these claims are preempted by the FLSA.

FLSA Preemption

The FLSA prohibits the employment of any person "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  An employee who sues for unpaid overtime "has the burden of proving that he performed work for which he was not properly compensated." *Lopez v. Tyson Foods, Inc.,* 690 F.3d 869, 874 (8th Cir.2012) (citation omitted). "Activities performed either before or after the regular work shift, on or off the production line, are compensable ... if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded by 29 U.S.C. § 254(a)(1)." *Id.* (citation omitted).  The FLSA contains a savings clause, which states, "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter."  29 U.S.C. § 218(a).

State law is preempted if a court determines that (1) Congress expressly preempts state law; (2) Congress has pervasively regulated conduct in a field

manifesting its intent to preempt state law; or (3) the state law conflicts with federal law. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n,* 505 U.S. 88, 98 (1992); *English v. Gen. Elec. Co.,* 496 U.S. 72, 78–79 (1990); *Huang v. Gateway Hotel Holdings,* 520 F.Supp.2d 1137, 1141 (E.D.Mo.2007). In the absence of express pre-emptive language, as is the case with the FLSA, pre-emptive intent may ... be inferred if the scope of the statute indicates that Congress intended federal law to occupy the legislative field, or if there is an actual conflict between state and federal law. Such a conflict arises when compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Qwest Corp. v. Minn. Pub. Utilities Comm'n,* 684 F.3d 721, 726 (8th Cir.2012).

While there is contrary authority, *see, e.g., Anderson v. Sara Lee Corp.,* 508 F.3d 181, 194 (4th Cir.2007) (holding that the plaintiff's state law contract, negligence, and fraud claims were preempted by the FLSA, under conflict/implied preemption), this Court finds persuasive and will follow the decisions of other district courts in the Eighth Circuit, including decisions from this district, that have found no preemption under the FLSA of state common law claims such as those asserted by Plaintiff. *See Perez–Benites v. Candy Brand, LLC,* 267 F.R.D. 242, 246 (W.D.Ark.2010) (holding that the plaintiffs' breach of contract claim

- 5 -

seeking overtimed pay was not preempted by the FLSA; "Most district courts in the Eighth Circuit agree that the FLSA's savings clause ... indicates that the FLSA does not provide an exclusive remedy for its violations."); *Doyel v. McDonald's Corp.,* No. 4:08CV01198 CAS, 2009 WL 350627, at *4 (E.D.Mo. Feb. 10, 2009); *LePage v. Blue Cross & Blue Shield,* No. 08–584 (RHK/JSM), 2008 WL 2570815, *8 (D. Minn. June 25, 2008) ("While Plaintiffs may not obtain double recovery, they are free to pursue relief under the FLSA as well as unjust enrichment.") (citation omitted); *Robertson v. LTS Mgmt. Servs., LLC,* 642 F.Supp.2d 922, 928 (W.D.Mo.2008) (holding that the FLSA did not preempt state law claims for breach of contract, quantum meruit, and unjust enrichment); *Osby v. Citigroup, Inc.,* No. 07–cv–06085–NKL, 2008 WL 2074102, at *2 (W.D.Mo. May 14, 2008); *see also Bouaphakeo v. Tyson Foods, Inc.,* 564 F.Supp.2d 870, 885 (N.D.Iowa 2008) (holding that the plaintiffs' duplicative claim under Iowa's minimum wage law was not preempted by the FLSA because the claim did not interfere with, frustrate, conflict with, or stand as an obstacle to the goals of the FLSA, and because FLSA does not provide the exclusive remedy for its violations). As such, Defendant's Motion to Dismiss Counts III and IV will be denied. The Court notes, however, that although Plaintiff did not specifically plead Counts III and IV in the alternative to each other or to other counts in the Amended Complaint, she

will not be able to recover double damages for the same injury.

## Conclusion

Based upon the foregoing analysis, the Court finds that Plaintiff's Counts III and IV are not preempted by the FLSA, and therefore, the motion to dismiss these counts must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint, [Doc. 23], is denied.

Dated this 31st day of March, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE